

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

October 12, 2022

**VIA ECF**

Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

> Re:   **Cromitie v. Imperial Wholesale, Inc.**
> *Case No. 22-cv-6919 (MKV) (SDA)*

Dear Judge Vyskocil:

We represent defendant Imperial Wholesale, Inc. in the above-referenced matter, and we submit this letter for two reasons. First, we submit it in response to Your Honor's Orders of September 30, 2022 and October 12, 2022, directed to plaintiff to show cause why the case should not be dismissed for failure to prosecute. Plaintiff's counsel was aware that defendant had intended to respond to the complaint, which is why he did not immediately move for default when the deadline passed for defendant's response to the complaint.  It should be made clear that this was not the result of neglect by plaintiff's counsel, but rather professional courtesy he extended to us as defendant's counsel.

Recognizing that defaults are disfavored, plaintiff's counsel has informed us that he would move for default immediately if we did not file our response, which is this letter. We had intended to file this letter on Friday, October 7, and indeed told plaintiff's counsel that we would; however, in the press of time with the myriad religious holidays over the past two weeks during which our office has been closed, we were unable to submit it at that time. This is the second recent case of this nature before Your Honor in which we neglected to file a timely response to the lawsuit when it was due, and we apologize (again) to the Court and to plaintiff's counsel for the unnecessary work our omission has caused for all concerned. Our law firm is implementing procedures to ensure that this will not happen again going forward.

Should the Court permit us to put in a response at this juncture, it would be a letter requesting a pre-motion conference in this case, pursuant to paragraph 4.A.i of Your Honor's Individual Rules and Practices, for the purpose of making a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] Defendant's position — which may sound

---

[1] If Your Honor determines that defendant's proposed motion should be rejected as untimely, defendant is prepared to immediately file an answer.  However, because defendant's proposed motion raises defenses that cannot be waived — lack of standing and failure to state a claim upon which relief can be granted — these

Hon. Mary Kay Vyskocil, U.S.D.J.
October 12, 2022
Page 2 of 3

familiar to Your Honor, because it involves the same issues raised by our office in other cases of this nature — is as follows:

This case was brought under the Americans with Disabilities Act (and parallel New York City law), and represents just one of hundreds of cookie-cutter website accessibility lawsuits filed each month by a handful of plaintiffs/plaintiffs' attorneys in this district. It alleges that defendant violated the ADA in that its website was in some way not accessible to plaintiff, who is purportedly blind or visually impaired. Like all of these lawsuits, the complaint in the instant case is conclusory. It has no specific allegations about the defendant or its website, and nothing in the complaint even evinces that the plaintiff visited the website.

As an initial matter, plaintiff lacks standing to bring the ADA claims asserted. In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.5. 167, 180-81 (2000). But plaintiff has failed to do so here. She has neither adequately pleaded a concrete and particularized injury — failing to plead why she was visiting the website or how issues with the website prevented him from completing a transaction at the website — nor that any such injury would be redressable by a favorable decision.  The Second Circuit has twice recently reiterated — in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022) and then even more forcefully in *Calcano v. Swarovski North America Limited*, 2022 WL 1788305 at *4 (2nd Cir. 2022), that far more facts are required in order plead entitlement to relief.

Even if the bare bones complaint were sufficient to establish *standing*, though, plaintiff's complaint should be dismissed because it fails to satisfy the pleading standards set by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those cases establish that under Fed. R. Civ. P. 8, plaintiffs must plead facts sufficient to nudge their case from possible to plausible. Simply reciting the elements of a cause of action are not enough. And yet, that is essentially what plaintiff has done here. Further, she asks for compensatory damages without ever even pleading that she has actually been damaged; she asks for statutory damages that do not exist under the applicable statutes; and she asks for "civil penalties and fines" for which there is no private right of action.

Moreover, defendant contends that plaintiff's complaint fails to state a claim upon which relief can be granted because the website in question is not a place of public accommodation covered by Title III of the Americans with Disabilities Act. Specifically, it is a standalone website that lacks any connection to a public facing brick and mortar business.

---

issues will have to be addressed at some point in this litigation, and defendant submits that it is more efficient to resolve them at this juncture.

Hon. Mary Kay Vyskocil, U.S.D.J.
October 12, 2022
Page 3 of 3

Numerous courts — including five circuit courts of appeal — have held that Title III of the ADA, pursuant to which this lawsuit has been brought, does not cover such intangible businesses, but only physical places of public accommodation.

Plaintiff will likely *attempt* to portray this as a settled legal question, and therefore argue that defendant's motion is moot or a waste of the Court's time. There is no controlling law in the Second Circuit as to that argument, and the district court judges in this circuit are split on the issue. The majority of circuit courts of appeal to have considered the issue have found that the ADA only applies to physical businesses. While a strict counting of district court decisions in this circuit would come out in plaintiff's favor, defendant believes that the most comprehensive analysis of the actual statutory text, decided just last year, was *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021). In addition, two other cases handed down last year, *Suris v. Gannett Co.*, 2021 WL 2953218 (E.D.N.Y. July 14, 2021) and *Martinez v. MyLife.com, Inc.*, 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) agreed with the *Winegard* analysis.

Most of the cases upon which plaintiff is likely to rely are either dicta (because they did not address standalone websites as opposed to websites connected to physical brick and mortar businesses), or fail to grapple with the *Winegard* analysis, instead relying on policy arguments rather than statutory analysis. Defendant's proposed motion presents this court with an opportunity to take a fresh look at the statute and reach its own conclusion as to the best interpretation of the law.

Additionally, the same standing and pleading analysis described above applies under New York City law, and thus plaintiff's claims should be dismissed on that basis; even if the analysis did not, defendant would argue in the alternative that the court should not accept supplemental jurisdiction over that claim if it dismissed plaintiff's federal claims. Indeed, because plaintiff's claims under the ADA are purely for injunctive relief, the New York City law claims, which allow for damages, are likely to predominate over federal claims.

Finally, as a matter of law plaintiff is not entitled to much of the relief she seeks under New York City law, and so defendant will ask the court to dismiss those claims as well.

We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration.

Respectfully submitted,

David Stein

cc:  Yitzchak Zelman, Esq. (via ECF)