**Ari H. Marcus, Esq.**
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

**Yitzchak Zelman, Esq.**
Licensed to Practice in NJ & NY
Yzelman@MarcusZelman.com

# MARCUS ZELMAN, LLC
ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

**NEW JERSEY OFFICE**:
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

**NEW YORK OFFICE**:
1 Deer Run Road
Pomona, New York 10970

*All Correspondences to NJ Office*

October 13, 2022

Honorable U.S. District Judge Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
*Via ECF*

          **Re:** **Cromitie v. Imperial Wholesale, Inc.**
          **Civil No: 1:22-cv-06919-MKV**

To the Honorable District Judge Vyskocil,

    The undersigned represents the Plaintiff, Seana Cromitie, in this action brought pursuant to the Americans with Disabilities Act (the ADA). The Plaintiff is a non-sighted individual, who filed this suit after being denied the same access to the Defendant's Website that sighted individuals receive, due to the site's incompatibility with her screen-reader software. This Letter is respectfully submitted in response to the pre-Motion Letter filed by the Defendant.

    In its Letter, Defendant primarily indicates its intent to move for dismissal on the basis that the claims in this action are inadequately pled. In response to Defendant's proposed Motion to Dismiss, Plaintiff intends to amend the Complaint as of right, pursuant to FRCP 15(a)(1)(B). It is Plaintiff's belief that the amendment will substantively resolve most of the pleading issues that Defendant seeks to brief in its proposed Motion to Dismiss.[1]

    Under FRCP 15(a)(1)(B), a party may amend its Complaint once as a matter of course, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Defendant has not yet filed an Answer or a Rule 12 Motion, and it seems unlikely that the Defendant's request for a pre-motion conference would qualify as a responsive pleading or a Rule 12 Motion. As such, it would appear that Plaintiff is precluded from filing an Amended Complaint as of right, as of this time.

---

[1] As to Defendant's alternate basis for dismissal of the Complaint – that the Defendant's online store is not a place of public accommodation – that theory has been rejected by countless judges in this District and accepted by none. *See e.g., Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816 (VEC), 2022 WL 3701508 (S.D.N.Y. Aug. 26, 2022); *Roman v. Greenwich Vill. Dental Arts P.C.*, No. 21-CV-5939 (JGK), 2022 WL 4226026, at *3 (S.D.N.Y. Sept. 13, 2022); *Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 20 (S.D.N.Y. 2022); *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496, at *8 (S.D.N.Y. Apr. 23, 2020); *Del-Orden v. Bonobos, Inc.,* 2017 WL 6547902, at *7 (S.D.N.Y. Dec. 20, 2017)(Engelmayer, J); *Markett v. Five Guys Enterprises LLC*, 2017 WL 5054568 (S.D.N.Y. July 21, 2017); *Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 WL 6916098 (S.D.N.Y. Dec. 19, 2019).

      Rather than wait for the Defendant to file its Motion to Dismiss, only for Plaintiff to then moot out the Motion with an Amended Complaint, it would be far more efficient for the Plaintiff to instead simply be granted leave to file an Amended Complaint. It is therefore respectfully requested that the Plaintiff be given 21 days to file an Amended Complaint in this action.

      Respectfully submitted,

      */s/ Yitzchak Zelman*
      Marcus & Zelman, LLC
      Attorney for the Plaintiff, Seana Cromitie