UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2023
```

SEANA CROMITIE, *on behalf of herself and all others similarly situated*,

Plaintiff,

-against-

IMPERIAL WHOLESALE, INC.,

Defendant.

1:22-cv-6919 (MKV)

**MEMORANDUM OPINION
AND ORDER GRANTING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Seana Cromitie brings this putative class action against Defendant Imperial Wholesale, Inc. ("Imperial"), alleging that Imperial has failed to make its website, which sells table linens, fully accessible to visually impaired and legally blind people in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). Imperial moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss is GRANTED.

**BACKGROUND**[1]

Cromitie is a visually impaired person who uses screen-reading software when browsing the internet. *See* Amended Complaint ¶¶ 18, 23 [ECF No. 13] ("Am. Compl." or the "Complaint"). She is also a serial litigator, having filed nearly 60 lawsuits in this District since June 2022. *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Seana Cromitie") (last visited Aug. 22, 2023). 28 of those lawsuits were filed by her counsel in this case. *See* NYSD ECF,

---

[1] The facts are taken from the Amended Complaint, and for purposes of resolving this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court takes judicial notice of "the fact of other litigation in this District." *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *1 n.3 (S.D.N.Y. Feb. 15, 2023).

https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Yitzchak Zelman") (last visited Aug. 22, 2023).

Imperial is an online retailer that sells table linens on www.tablelinensforless.com (the "Website"). Am. Compl. ¶ 20. Cromitie visited the Website three times in 2022 (on June 15, July 1, and August 4) with "the intent of shopping for some cloth tablecloths and dinner napkins." Am. Compl. ¶¶ 23, 30. But, according to Cromitie, the Website contained several access barriers, making it difficult to navigate with screen-reading software. Am. Compl. ¶ 25. For example, "many features on the Website fail to accurately describe the contents of graphical images, fail to properly label title [sic], fails [sic] to distinguish one page from another, [and] contain multiple broken links." Am. Compl. ¶ 26. The Complaint alleges that these access barriers "denied [Cromitie] the ability to use and enjoy" the Website, but that she "would still like to return to the Website to browse and potentially purchase these products once the online store is made accessible to her." Am. Compl. ¶¶ 28, 32.

Cromitie filed this action in August 2022, asserting claims for: (1) violation of the ADA, (2) violation of the NYCHRL, and (3) declaratory relief. *See* Complaint [ECF No. 1]. After Imperial filed a pre-motion letter, contending that the action should be dismissed for lack of standing, *see* Letter Motion [ECF No. 10], Cromitie filed an amended complaint, *see* Am. Compl. Imperial then moved to dismiss for lack of standing. *See* Motion to Dismiss [ECF No. 14]; Memorandum of Law in Support [ECF No. 15] ("Def. Mem."). Plaintiff filed an opposition, *see* Memorandum of Law in Opposition [ECF No. 16] ("Opp."), accompanied by a sworn declaration from Cromitie, *see* Declaration of Seana Cromitie [ECF No. 16-1] ("Cromitie Dec."). No reply was filed.

## LEGAL STANDARD

An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction "if the court 'lacks the statutory or constitutional power to adjudicate it,' such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To survive a Rule 12(b)(1) motion, Cromitie must "allege facts that affirmatively and plausibly suggest that [she] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Cortlandt St.*, 790 F.3d at 417 ("The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue." (cleaned up)).

In considering the motion, the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of [Cromitie]." *Cortlandt St.*, 790 F.3d at 417 (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)). However, the Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may also rely on evidence outside of the Complaint. *See Makarova*, 201 F.3d at 113.

## DISCUSSION

### I.      Plaintiff Lacks Standing to Assert an ADA Claim

Imperial contends that Cromitie lacks Article III standing. *See* Def. Mem. 3–7. To establish standing, Cromitie must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [Imperial], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact must be "'concrete

and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Imperial contends that Cromitie has failed to plead an injury in fact. In the ADA context, the Second Circuit has "found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). In the digital context, a plaintiff satisfies the injury in fact requirement by asserting "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees*, Inc., No. 22-CV-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).

The Amended Complaint is devoid of such non-conclusory and particularized allegations. Cromitie claims to have visited the Website three times in Summer 2022 to shop "for some cloth tablecloths and dinner napkins," Am. Compl. ¶ 23, but was unable to complete her shopping because the Website "fail[s] to accurately describe the contents of graphical images, fail[s] to properly label title[s], fails to distinguish one page from another, [and] contain[s] multiple broken links." Am. Compl. ¶ 26. These bare bones assertions do not suffice even at this preliminary stage. Cromitie alleges *no* specific facts about her experience on the Website—such as any particular products she viewed or was interested in viewing, or how she learned of Website in the first place. *See Calcano*, 36 F.4th at 76–77 (explaining that the complaint did not nudge claims 'across the line from conceivable to plausible' where plaintiffs "fail[ed] to provide any details about their past visits" such as "which stores they visited or what items they purchased" (emphasis

omitted) (quoting *Iqbal*, 556 U.S. at 680)).  Moreover, Cromitie's vague interest in returning to the Website to "browse and potentially purchase these products once the online store is made accessible to her," Am. Compl. ¶ 32, is "vague, lacking in support, and do[es] not plausibly establish that [Cromitie] 'intended to return'" to the Website.  *Calcano*, 36 F.4th at 76 (quoting *Kreisler*, 731 F.3d at 188).

In an apparent effort to persuade this Court that her interest in "cloth tablecloths and dinner napkins" is genuine, Cromitie attached a sworn declaration containing several new allegations to the opposition brief.  *See* Cromitie Dec.  For instance, the declaration alleges—for the first time— that Cromitie came across the Website "when looking for cloth napkins and tablecloths . . . that were good quality and would hold up well after being washed, but which were also inexpensive," Cromitie Dec. ¶ 4, and that "the cloth napkins and tablecloths on [the Website] seemed like it [sic] perfectly fit the criteria [that she] was looking for, since the [Website] offers some of the cheapest options for these products."  Cromitie Dec. ¶ 5.  Cromitie offers no excuse or explanation for why these assertions were not included in the Amended Complaint.[2]  In any event, these assertions *still* fail to allege any specific factual detail about the Website or its products and therefore do not nudge Cromitie's claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Interestingly, too, Cromitie has apparently encountered *identical* problems on dozens of other websites.  Indeed, Cromitie has filed "carbon-copy complaints," *Calcano*, 36 F.4th at 77, each alleging that the websites at issue malfunction in the *exact* same way—by, among other things, "fail[ing] to accurately describe the contents of graphical images, fail[ing] to properly label title [sic], fail[ing] to distinguish one page from another, [and] contain[ing] multiple broken links."

---

[2] This is not the first time that Cromitie's counsel has attempted to salvage a defective complaint by attaching a declaration (containing new allegations) to an opposition brief.  *See, e.g.*, *Loadholt*, 2023 WL 2024792, at *3.

*See, e.g.*, Am. Compl. ¶ 26; *Cromitie v. RTMH, Inc.*, No. 22-cv-6757 Compl. ¶ 26 (S.D.N.Y. Aug. 9, 2022); *Cromitie v. Roset USA Corp.*, No. 22-cv-6762 Compl. ¶ 26 (S.D.N.Y. Aug. 9, 2022); *Cromitie v. The Tile Shop, LLC*, No. 22-cv-6812 Compl. ¶ 26 (S.D.N.Y. Aug. 10, 2022); *Cromitie v. Cmty. Prods. LLC*, No. 22-cv-6813 Compl. ¶ 26 (S.D.N.Y. Aug. 10, 2022); *Cromitie v. Dunk & Bright Furniture, Co.*, No. 22-cv-6858 Compl. ¶ 26 (S.D.N.Y. Aug. 11, 2022); *Cromitie v. NEMS, Inc.*, No. 22-cv-6959 Compl. ¶ 26 (S.D.N.Y. Aug. 16, 2022).  But the similarities do not end there. Rather, in every complaint, Cromitie uses largely "identical language to state the same conclusory allegations."  *Calcano*, 36 F.4th at 77.  In fact, the complaints even contain the same typos.  *See, e.g.*, Am. Compl. Prayer for Relief (C) (missing semi-colon); *Cromitie v. RTMH, Inc.*, No. 22-cv-6757 Compl. Prayer for Relief (C) (S.D.N.Y. Aug. 9, 2022) (same); *Cromitie v. Roset USA Corp.*, No. 22-cv-6762 Compl. Prayer for Relief (C) (S.D.N.Y. Aug. 9, 2022) (same).  These "Mad-Libs-style complaints further confirm[] the implausibility of [Cromitie's] claims of injury."  *Calcano*, 36 F.4th at 77.[3]

Because Cromitie provides no factual support for her conclusory claims, she has "failed to establish a 'real and immediate threat of repeated injury.'"  *Id.* at 78 (quoting *Kreisler*, 731 F.3d at 187).  The ADA claim is dismissed for lack of standing.[4]

---

[3] Cromitie cites several cases where judges in this District found that plaintiffs had standing to sue after experiencing "similar accessibility issues with a website."  Opp. 11–13 (citing *Camacho v. Vanderbilt Univ.*, No. 18-CV-10694, 2019 WL 6528974, at *9 (S.D.N.Y. Dec. 4, 2019); *Juscinska v. Paper Factory Hotel, LLC*, No. 18-CV-8201, 2019 WL 2343306, at *1 (S.D.N.Y. June 3, 2019); *Quezada v. U.S. Wings, Inc.*, No. 20-CV-10707, 2021 WL 5827437, at *1 (S.D.N.Y. Dec. 7, 2021); *Sanchez v. NutCo, Inc.*, No. 20-CV-10107, 2022 WL 846896, at *1 (S.D.N.Y. Mar. 22, 2022)).  But each of those cases pre-date the Second Circuit's ruling in *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2d Cir. 2022), and therefore do not aid Cromitie.

[4] Imperial also argues that the Website is not a place of public accommodation under the ADA.  *See* Def. Mem. 7–19. Because the Court finds that Cromitie lacks standing, it need not address this issue.  *See Disability Advocs., Inc. v. N.Y. Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 156 (2d Cir. 2012) ("[S]tanding is 'the threshold question in every federal case.'" (citation omitted)).

## II.     The Remaining Claims Are Dismissed

The NYCHRL claim is governed by the same standing requirements as the ADA claim. *See Mendez v. Apple Inc.*, No. 18-CV-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Because Cromitie lacks standing under the ADA, the NYCHRL claim must also be dismissed for lack of standing.

The third cause of action (titled "Declaratory Relief") is dismissed because "a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993); *see also Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021) ("A request for relief in the form of a declaratory judgment does not constitute an independent cause of action.").

## III.    Leave to Amend is Denied

When a complaint is dismissed for lack of standing, courts generally give the plaintiff leave to file an amended complaint. *See Dominguez v. Grand Lux Cafe LLC*, No. 19-CV-10345, 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020). Courts are instructed, after all, to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). But justice does not so require here. The Court already granted Cromitie leave to amend her complaint in response to Imperial's argument that she failed to establish standing. *See* Letter Motion [ECF No. 10]; Order [ECF No. 12]. Moreover, Cromitie "has not identified any proposed amendments that would cure [her] pleading and confer standing." *Dominguez*, 2020 WL 3440788, at *4. Accordingly, Cromitie is not granted leave to further amend.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED with prejudice.  The Clerk

of Court respectfully is requested to terminate ECF No. 14 and to close this case.

**SO ORDERED.**

**Date:   August 22, 2023**                    **MARY KAY VYSKOCIL**
**New York, NY**                        **United States District Judge**

8